### SHATTUCK v. GUARDIAN TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

ACTIONS—STAY—ANOTHER ACTION PENDING—INTERPLEADER.

In an action by the receiver of a corporation to recover from a trust company a deposit, defendant claimed that it paid out the money on checks drawn by the corporation. Plaintiff claimed that the checks were forged. It was alleged that the president of the corporation received the money and appropriated it. Subsequently he delivered to the secretary of the corporation life insurance policies, directing the secretary to pay defendant out of the proceeds of the policies a certain amount for account of the corporation. After the president's death, the secretary collected the policies and filed a bill in equity, making plaintiff and defendant parties, and asking that the rights of the parties to the money be determined. *Held* that, if the checks were forgeries, plaintiff was entitled to recover, that his right to recovery in no way depended on the disposition made of the proceeds of the policies, and hence that an order staying the trial of plaintiff's action until the determination of the interpleader action in relation to the insurance moneys was not justified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 744.]

Appeal from Special Term.

Action by Edwin P. Shattuck, as receiver of the New York Investment & Improvement Company, against the Guardian Trust Company of New York. From an order granting a stay of all proceedings in the action until the final determination of another action, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Julian C. Harrison, for appellant.
Clarence P. Moser, for respondent.

INGRAHAM, J. The plaintiff in this case is suing as receiver of the New York Investment & Improvement Company to recover from the defendant a deposit, the amount in which he alleged the defendant is indebted to the corporation. The defendant claims that it paid out this deposit upon certain checks drawn by the corporation; the plaintiff claiming that one of the signatures to these checks was forged.

The question at issue in this action is simply as to whether or not the checks upon which this deposit was paid out were or were not forged. It is alleged that Spier, the president of the corporation, received the money and appropriated it, or the greater part of it, to his own use. Subsequently Spier delivered to Alfred Lauterbach, secretary of the corporation, life insurance policies calling for the payment upon his death of $75,000, with a direction to Lauterbach that, upon receipt of the sums due on the policies, he should pay to the defendant, the Guardian Trust Company, for account of the New York Investment & Improvement Company, $68,067.09. Shortly after Spier died Lauterbach collected from the insurance companies $75,999 and filed a bill in equity, making the plaintiff and the defendant parties, asking that the rights to this money of the various parties to the action should be determined. The court below has stayed the trial of this action until the determination of the interpleader action in relation to the insurance moneys.

I do not think such an order was justified. The plaintiff as receiver is suing for an amount claimed to be owing from the defendant. The plaintiff has no connection with the proceeds of these policies of life insurance, and, if he can establish the fact that the checks drawn on the defendants were forgeries, he will be entitled to recover the amount of the deposit remaining to the credit of the corporation, disaffirming the payment on account of the forged checks. The right of the plaintiff to recover cannot in any event depend upon the disposition that is made of the proceeds of the life insurance policies. If the checks are forged, he would be entitled to recover the amount on deposit, whether the defendant could collect the insurance money or not. If it should appear that the checks were not forged and that Spier appropriated the money of the corporation, then the corporation might have a claim against Spier and a right to enforce this trust, or whatever it may be said to be, as to the proceeds of the life insurance policies. But, irrespective of the provision as to what shall be done with the insurance money, if the checks are forgeries, the plaintiff is entitled to recover in this action.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for a stay denied, with $10 costs. All concur.